Manly, J.
 

 Several objections were made to plaintiff’s recovery in this case, all of which have been abandoned in this Cour.t, except the second, in order, viz., that there were two covenantees in that part of the instrument, the breach of which, is assigned as the ground of this action, and that these should have joined. We do not think this objection can be sustained.
 

 The parties to this covenant other than Hugh, and Patsey Little, bind themselves, each separately, to the two latter in the sum of five thousand dollar’s, to allow the said Hugh and Patsey a full share of their father’s estate. The interest of the
 
 *181
 
 covantees, in this stipulation, is manifestly several. Damages for its violation result to each, irrespective of the other, and consequently, each may maintain an action, according to the distinction taken in the case of
 
 Eccleston and wife
 
 v. Clipsham, 1 Saun. Rep. 153. In a note to that case, it is ■stated, that though a covenant be with two or more, jointly, yet, if the interest and eause of action of the covenantees be several, the covenant shall be taken to be several, and each ■of the covenantees may bring an action for his particular damage, notwithstanding the words of the covenant are joint, and for this, there are cited a number of authorities.
 

 The law now seems to be settled, that the insertion, or omission of words of severance, such as “ with them and
 
 each of themf
 
 can make no difference as to the covenantees, but that the action will, in all cases, follow the interest, without regard to the words of the covenant.
 

 The paragraph cited, on the argument, from 1 Chitty’s Pleading, 12, is based upon a ease,
 
 Petrie
 
 v.
 
 Bury,
 
 reported in 10 E. Com. L. Rep. 108, and the language of the author is to be interpreted with reference to the principles decided in that case. It was a covenant with three persons, that if covenantor’s wife survived him, that his heirs, executors .and admistrators should pay to them an annuity for her. Here, a
 
 jomt action
 
 was held necessary, for the reasons, as stated by the Judges who delivered the opinions; that it was a trust, and the covenantees trustees, who were not to have any part of the money to their own use, but
 
 jointly
 
 receive the same as a security for the execution of the trust, like a trust conferred, in a similar way, upon executors.
 

 This case recognises the distinction taken by 'Williams in his notes to Saunders, referred to above, viz., that the rights of covenantees as to actions upon the covenants, will depend apon the nature of their interests, whether joint or several.
 

 Pee Curiam,
 

 Judgment affirmed.